Nathan E. Werksman, Esq.
nwerksman@mersonlaw.com
**Merson Law, PLLC**
950 Third Ave, 18th Floor
New York, NY 10022
T: 212-603-9100

Orlando Sheppard, Esq.
orlando@wefightforyours.com
**Burns Sheppard Favors**
121 S Orange Ave Suite 1500
Orlando, FL 32801
T: 407-992-6145

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW YORK, NORTHERN DIVISION**

| | |
|---|---|
| FLAVILLA CUEVAS, Individually, as the Administrator of THE ESTATE OF FRANK D'EMPAIRE, and as natural parent and guardian of minor S.D.;<br><br>*Plaintiff*,<br><br>vs.<br><br>LINEAGE FOODSERVICE SOLUTIONS, LLC; DIRECT CONNECT LOGISTIX, INC.; FRITZ C. PATRICK; and VALU AUTO, LLC,<br><br>*Defendants*. | CASE NO.: 3:26-CV-0158<br><br>**PLAINTIFF FLAVILLA CUEVAS' AMENDED COMPLAINT**<br><br>**WITH JURY DEMAND** |

Plaintiff FLAVILLA CUEVAS, Individually, as the Administrator of THE ESTATE OF FRANK D'EMPAIRE, and as natural parent and guardian of minor S.D, by and through her attorneys, Merson Law, PLLC, respectfully alleges at all relevant times, upon information and belief, as follows:

## INTRODUCTION

1. On September 8, 2025, as best friends Frank D'Empaire ("D'Empaire") and Carlos Elize ("Elize") drove home from a Buffalo Bills game, defendant Fritz C. Patrick ("Patrick")—in the course and scope of his agency and employment with defendants Direct Connect Logistix, Inc., Valu Auto, LLC, Lineage Foodservice Solutions, LLC—slammed an 18 wheel tractor trailer into the back of the car carrying D'Empaire and Elize, forcing it off the road and then crushing it, causing D'Empaire horrific pain and suffering and his untimely death ("Subject Collision").

2. The Subject Collision occurred in the State of New York, County of Tioga, in the town of Nichols on Interstate 86/Route 17/Southern Tier Expressway.

3. Upon information and belief, the truck driven by defendant Fritz was owned by defendant Valu Auto, LLC.

4. Upon information and belief, the trailer being carried by defendant Fritz was owned, operated, controlled, managed, and/or directed by defendants Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

5. D'Empaire is survived by his domestic partner plaintiff Flavilla Cuevas and his 2-year-old daughter minor plaintiff S.D.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is complete diversity of jurisdiction as the action is between citizens of different states.

7. Jurisdiction is proper in New York as the negligence of defendants Direct Connect Logistix, Inc., Valu Auto, LLC, Lineage Foodservice Solutions, LLC, and Patrick occurred in the State of New York.

8. Jurisdiction is proper because defendants Patrick and Valu Auto, LLC are domiciled in the State of New York.

9. Jurisdiction is also proper in New York as defendants Direct Connect Logistix, Inc., Valu Auto, LLC, Lineage Foodservice Solutions, LLC, and Patrick each have substantial ties to the State of New York, reside in the State of New York, and/or conduct substantial business in the State of New York.

10. Venue is proper based on under 28 U.S. Code § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, the Subject Collision occurred in Tioga County, NY, which is within this District.

## STATEMENT OF FACTS

11. On September 8, 2025, defendant Patrick was driving an 18-wheel tractor trailer bearing New York license plate number 48216PF ("Subject Tractor Trailer") eastbound on Route 17/Interstate 86/Southern Tier Expressway through the town of Nichols, New York.

12. At all relevant times, defendant Patrick was hauling a trailer owned, operated, controlled, managed, and/or directed by defendants Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

13. At all relevant times, defendant Patrick was an agent, servant, and/or employee of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

14. At all relevant times, defendant Patrick was driving in the course and scope of his employment with defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

15. At all relevant times, defendant Patrick was operating the tractor trailer with the permission, express or implied, of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

16. At the same time, Elize was driving a Toyota sedan bearing Massachusetts license plate number 5EAF25 ("Subject Car"), and also going eastbound on Route 17/Interstate 86/Southern Tier Expressway through the town of Nichols, New York.

17. D'Empaire was Elize's front seat passenger in the Subject Car. The Subject Car carrying D'Empaire was further up ahead on Route 17/Interstate 86/Southern Tier Expressway than defendant Patrick.

18. At all relevant times, Elize was operating the Subject Car safely, reasonably, and in conformity with the Vehicle and Traffic Laws of the State of New York.

19. Without warning, without braking, and in violation of the Vehicle and Traffic Laws of the State of New York, defendant Patrick slammed the Subject Tractor Trailer into the Subject Car.

20. At all relevant times, defendant Patrick caused the Subject Collision while driving as an agent, servant, and/or employee of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

21. Prior to the Subject Collision, D'Empaire experienced pre-impact terror.

22. Between the Subject Collision and his death, D'Empaire experienced conscious pain and suffering.

23. As a result of the Subject Collision, D'Empaire experienced severe injuries and immense conscious pain and suffering.

24. As a result of the Subject Collision, D'Empaire died.

25. As a result of the Subject Collision, D'Empaire sustained serious injuries, including fractures and death, as such term is defined in the Insurance Law of the State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FOR NEGLIGENCE**
**AS TO ALL DEFENDANTS**

26. Plaintiff repeats, reiterates and realleges every allegation contained in all preceding paragraphs with the same force and effect as if hereafter set forth at length.

27. At all relevant times, on September 8, 2025, defendant Patrick drove the Subject Tractor Trailer as an agent, servant, and employee of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

28. At all relevant times, on September 8, 2025, defendant Patrick drove the Subject Tractor Trailer in the course and scope of his agency and employment with defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

29. At all relevant times, on September 8, 2025, defendant Patrick negligently, wantonly, carelessly, and recklessly drove and/or operated the Subject Tractor Trailer in the following ways, which include but are not limited to: driving at an unsafe speed; failing to see what there was to be seen; failing to observe the Subject Car ahead of the Subject Tractor Trailer; failing to brake to avoid a collision with the Subject Car; failing to properly scan his field of vision in order to identify objects including the Subject Car; failing to keep a safe distance from the Subject Car; violating the Vehicle and Traffic Laws of New York; failing to take such care

and caution so as to avoid the Subject Incident; failing to keep proper position on the roadway; failing to warn Elize and D'Empaire that the Subject Tractor Trailer was about to strike the Subject Car; failing to stop the Subject Tractor Trailer upon impacting the Subject Car; failing to keep the Subject Tractor Trailer under proper control; and otherwise operating the Subject Tractor Trailer in negligent, careless, wanton, and reckless manner.

30. Defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc are vicariously liable for the negligent, wanton, careless, and reckless acts and omissions of defendant Patrick.

31. The negligent, wanton, careless, and reckless acts of defendant Patrick are imputed to defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

32. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, the Subject Tractor Trailer smashed into the Subject Car.

33. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, D'Empaire sustained serious personal injuries, including but not limited to fractures, blunt force trauma, conscious pain and suffering, and death.

34. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, plaintiff Flavilla Cuevas was and will continue to be deprived of the services and financial support of her domestic partner D'Empaire.

35. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, minor plaintiff S.D. was and will continue to be deprived of the services and financial support of her father D'Empaire.

36. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, Plaintiff seeks all available damages, including compensatory damages (economic and non-economic) and punitive damages, as a result of injuries and losses.

37. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

38. This action falls within exceptions to Article 16 of the C.P.L.R.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION AS TO DEFENDANTS VALU AUTO, LLC, LINEAGE FOODSERVICE SOLUTIONS, LLC, AND DIRECT CONNECT LOGISTIX, INC.

39. Plaintiff repeats, reiterates and realleges every allegation contained in all preceding paragraphs with the same force and effect as if hereafter set forth at length.

40. At all relevant times, on September 8, 2025, defendant Patrick drove the Subject Tractor Trailer as an agent, servant, and employee of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

41. At all relevant times, on September 8, 2025, defendant Patrick drove the Subject Tractor Trailer in the course and scope of his agency and employment with defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

42. At all relevant times, defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. had a duty to properly investigate, screen, vet, interview, background check, hire, train, retain, and supervise its employees, including defendant

Patrick, to protect third parties, including D'Empaire, from being severely injured by defendant Patrick and the Subject Tractor Trailer.

43. At all relevant times, defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. negligently investigated, hired, trained, vetted, retained, and supervised their employees, including defendant Patrick.

44. At all relevant times, defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. knew or should have known that defendant Patrick was an unsafe driver, had a history of unsafe driving, was not properly rested prior to the Subject Collision on September 8, 2025, was not able to safely operate a vehicle the size of the Subject Tractor Trailer, did not properly observe objects in his field of vision while driving, had poor eye sight, was not properly trained to drive the Subject Tractor Trailer at night, was not properly trained in defensive maneuvers, was not properly trained on how to warn others about an imminent collision, was not properly trained in how to avoid collisions with vehicles such as the Subject Car, and otherwise failed to properly train, vet, and/or supervise defendant Patrick in such a way so as to avoid the Subject Collision and the subsequent injuries to Plaintiff.

45. As a result of the negligent investigation, screening, vetting, interviewing, background checking, hiring, training, retention, and supervision its employees, including defendant Patrick, defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. caused Plaintiff severe and permanent injuries.

46. As a result of the aforementioned negligence and carelessness of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc., Plaintiff seeks all available damages, including compensatory damages (economic and non-economic) and punitive damages, as a result of injuries and losses.

47. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

48. This action falls within exceptions to Article 16 of the C.P.L.R.

**AS AND FOR A THIRD CAUSE OF ACTION**
**FOR MOTOR CARRIER'S NEGLIGENT AND RECKLESS BEHAVIOR**
**AS TO DEFENDANTS VALU AUTO, LLC, LINEAGE FOODSERVICE SOLUTIONS, LLC, AND DIRECT CONNECT LOGISTIX, INC.**

49. Plaintiff repeats, reiterates and realleges every allegation contained in paragraphs 1-32 with the same force and effect as if hereafter set forth at length.

50. Defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. owed the general public, including Plaintiff, a duty to:

a. have in place a system and an individual responsible for ensuring overall compliance with the FMCSR;

b. produce a copy of the FMCSR;

c. have in place a driver safety training/orientation program;

d. be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements ( 49 CFR Parts 391)

e. have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles;

f. adequately evaluate applicants before hiring them as truck drivers including having the prospective driver complete a written application containing the following information:

    i. the nature and extent of the driver's experience

    ii. a list of all accidents in the previous 3 years;

iii. a list of all violations of motor vehicle laws in the previous 3 years;

iv. a detailed description of any denial, revocation, or suspension of any drivers licenses or permits

v. employment information for the previous 3 years; and the names of all employers for whom the driver has operated a commercial motor vehicle for the previous 7 years;

g. adequately train and supervise these drivers;

h. adequately evaluate these employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property;

i. pursuant to 49 CFR 382.201 et. seq., 382.301 et. seq., 383.35, and 391 et. seq., conduct an adequate investigation or inquiry into the driving record of the defendant Patrick, including, but not limited to, obtaining his motor vehicle record from the applicable state agency for the previous 3 years; and investigate said driver's safety performance history with all DOT regulated employers for the previous 3 years;

j. require its drivers to complete and turn in to their employer trip envelopes at least every 13 days. Such trip envelopes include, but are not limited to, the driver's daily Record of Duty Status logs, pre-trip and post-trip vehicle inspection reports as well as additional information that is standard in the industry and required in event of a FMCSA audit, including but not limited to fuel receipts, entry and departure records, and other supporting documentation that verifies the times that their drivers were at specific locations;

k. never allow or permit a driver to operate their commercial motor vehicles if the driver does not have the required knowledge or skill to safely operate the vehicle

l. never dispatch or schedule a driver's run in such a way that a driver may violate hours of service rules in order to timely complete a delivery

m. never allow or permit a driver to operate their commercial motor vehicles if an audit of the driver's logs, vehicle inspection reports, supporting documents, messaging, OPS, Qualcomm, collision warning systems, and electronic data recorders indicates that the driver is not accurate and truthful in the completion of his logs;

n. never allow or permit a driver to operate their commercial motor vehicles if an audit of the driver's logs, vehicle inspection reports, supporting documents, messaging, OPS, Qualcomm, Lytx, collision warning systems, and electronic data recorders indicates that the driver operates his vehicle in violation of the hours of service rules;

o. should never allow or permit a driver to operate their commercial motor vehicles if an audit of the driver's logs, vehicle inspection reports, supporting documents, messaging, OPS, Qualcomm, Lytx, collision warning systems, and electro11ic data recorders indicates that the driver has a higher than safe average speed; and

p. never allow or permit a driver to operate their commercial motor vehicles if the driver is not qualified to do so.

51. Defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. breached these duties to the general public, including Plaintiff, by their negligent, careless and reckless actions, including, but not limited to the hiring, training, supervision, and retention of the defendant Patrick, who was unqualified, incompetent, and/or negligent and careless.

52. As a result of the aforementioned negligence and carelessness of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc., Plaintiff seeks all available damages, including compensatory damages (economic and non-economic) and punitive damages, as a result of their injuries and losses.

53. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

54. This action falls within exceptions to Article 16 of the C.P.L.R.

## JURY DEMAND

55. Plaintiff hereby demands that this matter be tried by a jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for judgment as follows:

56. Compensatory damages to Plaintiff, including all available economic and non-economic damages;

57. Punitive damages against Defendants;

58. Prejudgment interest and post judgment interest as allowed under the law;

59. Such other and further relief against Defendants in such sum as a jury would find fair, adequate, and just.

Dated: New York, New York
April 14, 2026

**MERSON LAW, PLLC**

/s/ Nathan E. Werksman

Nathan E. Werksman, Esq.
Attorneys for Plaintiff
950 Third Ave, 18th Floor
New York, NY 10022