UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FLAVILLA CUEVAS, INDIVIDUALLY, AS THE ADMINISTRATOR OF THE ESTATE OF FRANK D'EMPAIRE, AND AS NATURAL PARENT AND GUARDIAN OF MINOR S.D.,<br><br>Plaintiff,<br><br>-against-<br><br>LINEAGE FOODSERVICE SOLUTIONS, LLC, DIRECT CONNECT LOGISTIX, INC.; FRITZ C. PATRICK; AND VALU AUTO, LLC,<br><br>Defendants.<br>---<br>FRITZ C. PATRICK AND VALU AUTO, LLC,<br><br>Third-Party Plaintiff,<br><br>-against-<br><br>ANDREANNA ELIZE AND ANTONIO ELIZE, AS THE LIMITED ADMINISTRATORS OF THE ESTATE OF CARLOS ELIZE,<br><br>Third-Party Defendants. | Case: 3:26-cv-00158-AJB-CBF<br><br>**DEFENDANT LINEAGE'S ANSWER TO CUEVAS'S AMENDED COMPLAINT** |

---

Defendant Lineage Foodservice Solutions, LLC ("Lineage"), by its counsel, Cozen O'Connor P.C., responds to Plaintiff's Amended Complaint, upon information and belief, as follows:

## RESPONSE TO INTRODUCTION

1. On September 8, 2025, as best friends Frank D'Empaire ("D'Empaire") and Carlos Elize ("Elize") drove home from a Buffalo Bills game, defendant Fritz C. Patrick ("Patrick")—in

the course and scope of his agency and employment with defendants Direct Connect Logistix, Inc., Valu Auto, LLC, Lineage Foodservice Solutions, LLC—slammed an 18 wheel tractor trailer into the back of the car carrying D'Empaire and Elize, forcing it off the road and then crushing it, causing D'Empaire horrific pain and suffering and his untimely death ("Subject Collision").

**Response: Deny that Patrick worked for Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

2. The Subject Collision occurred in the State of New York, County of Tioga, in the town of Nichols on Interstate 86/Route 17/Southern Tier Expressway.

**Response: Admit based on publicly-available information.**

3. Upon information and belief, the truck driven by Defendant Fritz was owned by defendant Valu Auto, LLC.

**Response: Deny knowledge or information sufficient to form a belief.**

4. Upon information and belief, the trailer being carried by defendant Fritz was owned, operated, controlled, managed, and/or directed by defendants Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

5. D'Empaire is survived by his domestic partner plaintiff Flavilla Cuevas and his 2-year-old daughter minor plaintiff S.D.

**Response: Deny knowledge or information sufficient to form a belief.**

## RESPONSE TO JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is complete diversity of jurisdiction as the action is between citizens of different states.

**Response: Admit and respectfully refer all questions of law to this Court.**

7. Jurisdiction is proper in New York as the negligence of defendants Direct Connect Logistix, Inc., Valu Auto, LLC, Lineage Foodservice Solutions, LLC, and Patrick occurred in the State of New York.

**Response: Deny that Lineage was negligent, admit only that jurisdiction is proper in New York, deny knowledge or information sufficient to form a belief as to all other allegations, and respectfully refer all questions of law to this Court.**

8. Jurisdiction is proper because defendants Patrick and Valu Auto, LLC are domiciled in the State of New York.

**Response: Admit and respectfully refer all questions of law to this Court.**

9. Jurisdiction is also proper in New York as defendants Direct Connect Logistix, Inc., Valu Auto, LLC, Lineage Foodservice Solutions, LLC, and Patrick each have substantial ties to the State of New York, reside in the State of New York, and/or conduct substantial business in the State of New York.

**Response: Admit only as to Lineage, deny knowledge or information sufficient to form a belief as to the other defendants, and respectfully refer all questions of law to this Court.**

10. Venue is proper based on under 28 U.S. Code § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, the Subject Collision occurred in Tioga County, NY, which is within this District.

**Response: Admit.**

## RESPONSE TO STATEMENT OF FACTS

11. On September 8, 2025, defendant Patrick was driving an 18-wheel tractor trailer bearing New York license plate number 48216PF ("Subject Tractor Trailer") eastbound on Route 17/Interstate 86/Southern Tier Expressway through the town of Nichols, New York.

**Response: Deny knowledge information sufficient to form a belief.**

12. At all relevant times, defendant Patrick was hauling a trailer owned, operated, controlled, managed, and/or directed by defendants Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

13. At all relevant times, defendant Patrick was an agent, servant, and/or employee of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

14. At all relevant times, defendant Patrick was driving in the course and scope of his employment with defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

15. At all relevant times, defendant Patrick was operating the tractor trailer with the permission, express or implied, of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

16. At the same time, Elize was driving a Toyota sedan bearing Massachusetts license plate number 5EAF25 ("Subject Car"), and also going eastbound on Route 17/Interstate 86/Southern Tier Expressway through the town of Nichols, New York.

**Response: Deny knowledge or information sufficient to form a belief.**

17. D'Empaire was Elize's front seat passenger in the Subject Car. The Subject Car carrying D'Empaire was further up ahead on Route 17/Interstate 86/Southern Tier Expressway than defendant Patrick.

**Response: Deny knowledge or information sufficient to form a belief.**

18. At all relevant times, Elize was operating the Subject Car safely, reasonably, and in conformity with the Vehicle and Traffic Laws of the State of New York.

**Response: Deny knowledge or information sufficient to form a belief.**

19. Without warning, without braking, and in violation of the Vehicle and Traffic Laws of the State of New York, defendant Patrick slammed the Subject Tractor Trailer into the Subject Car.

**Response: Deny knowledge or information sufficient to form a belief.**

20. At all relevant times, defendant Patrick caused the Subject Collision while driving as an agent, servant, and/or employee of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

21. Prior to the Subject Collision, D'Empaire experienced pre-impact terror.

**Response: Deny knowledge or information sufficient to form a belief.**

22. Between the Subject Collision and his death, D'Empaire experienced conscious pain and suffering.

**Response: Deny knowledge or information sufficient to form a belief.**

23. As a result of the Subject Collision, D'Empaire experienced severe injuries and immense conscious pain and suffering.

**Response: Deny knowledge or information sufficient to form a belief.**

24. As a result of the Subject Collision, D'Empaire died.

**Response: Admit based on publicly-available information.**

25. As a result of the Subject Collision, D'Empaire sustained serious injuries, including fractures and death, as such term is defined in the Insurance Law of the State of New York.

**Response: Admit only that D'Empaire sustained death based on publicly-available information, deny knowledge or information sufficient to form a belief as to all other allegations, and respectfully refer all questions of law to this Court.**

<u>RESPONSE TO FIRST CAUSE OF ACTION FOR NEGLIGENCE</u>

26. Plaintiff repeats, reiterates and realleges every allegation contained in all preceding paragraphs with the same force and effect as if hereafter set forth at length.

**Response: Lineage repeats and reiterates all prior responses as if fully provided here.**

27. At all relevant times, on September 8, 2025, defendant Patrick drove the Subject Tractor Trailer as an agent, servant, and employee of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

28. At all relevant times, on September 8, 2025, defendant Patrick drove the Subject Tractor Trailer in the course and scope of his agency and employment with defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

29. At all relevant times, on September 8, 2025, defendant Patrick negligently, wantonly, carelessly, and recklessly drove and/or operated the Subject Tractor Trailer in the following ways, which include but are not limited to: driving at an unsafe speed; failing to see what there was to be seen; failing to observe the Subject Car ahead of the Subject Tractor Trailer; failing to brake to avoid a collision with the Subject Car; failing to properly scan his field of vision in order to identify objects including the Subject Car; failing to keep a safe distance from the Subject Car; violating the Vehicle and Traffic Laws of New York; failing to take such care and caution so as to avoid the Subject Incident; failing to keep proper position on the roadway; failing to warn Elize and D'Empaire that the Subject Tractor Trailer was about to strike the Subject Car; failing to stop the Subject Tractor Trailer upon impacting the Subject Car; failing to keep the Subject Tractor Trailer under proper control; and otherwise operating the Subject Tractor Trailer in negligent, careless, wanton, and reckless manner.

**Response: Deny.**

30. Defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc are vicariously liable for the negligent, wanton, careless, and reckless acts and omissions of defendant Patrick.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations and refer all questions of law to this Court.**

31. The negligent, wanton, careless, and reckless acts of defendant Patrick are imputed to defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations and refer all questions of law to this Court.**

32. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, the Subject Tractor Trailer smashed into the Subject Car.

**Response: Deny.**

33. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, D'Empaire sustained serious personal injuries, including but not limited to fractures, blunt force trauma, conscious pain and suffering, and death.

**Response: Deny.**

34. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, plaintiff Flavilla Cuevas was and will continue to be deprived of the services and financial support of her domestic partner D'Empaire.

**Response: Deny.**

35. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, minor plaintiff S.D. was and will continue to be deprived of the services and financial support of her father D'Empaire.

**Response: Deny.**

36. As a result of defendant Patrick's negligent, wanton, careless, and reckless operation/driving of the Subject Tractor Trailer, Plaintiff seeks all available damages, including compensatory damages (economic and non-economic) and punitive damages, as a result of injuries and losses.

**Response: Deny.**

37. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**Response: Deny knowledge or information sufficient to form a belief and respectfully refer all questions of law to this Court.**

38. This action falls within exceptions to Article 16 of the C.P.L.R.

**Response: Deny knowledge or information sufficient to form a belief and respectfully refer all questions of law to this Court.**

## RESPONSE TO SECOND CAUSE OF ACTION FOR NEGLIGENT HIRING, ETC.

39. Plaintiff repeats, reiterates and realleges every allegation contained in all preceding paragraphs with the same force and effect as if hereafter set forth at length.

**Response: Lineage repeats and reiterates all prior responses as if fully provided here.**

40. At all relevant times, on September 8, 2025, defendant Patrick drove the Subject Tractor Trailer as an agent, servant, and employee of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations and refer all questions of law to this Court.**

41. At all relevant times, on September 8, 2025, defendant Patrick drove the Subject Tractor Trailer in the course and scope of his agency and employment with defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations and refer all questions of law to this Court.**

42. At all relevant times, defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. had a duty to properly investigate, screen, vet, interview, background check, hire, train, retain, and supervise its employees, including defendant Patrick, to protect third parties, including D'Empaire, from being severely injured by defendant Patrick and the Subject Tractor Trailer.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations and refer all questions of law to this Court.**

43. At all relevant times, defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. negligently investigated, hired, trained, vetted, retained, and supervised their employees, including defendant Patrick.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations and refer all questions of law to this Court.**

44. At all relevant times, defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. knew or should have known that defendant Patrick was an unsafe driver, had a history of unsafe driving, was not properly rested prior to the Subject Collision on September 8, 2025, was not able to safely operate a vehicle the size of the Subject Tractor Trailer, did not properly observe objects in his field of vision while driving, had poor eye sight, was not properly trained to drive the Subject Tractor Trailer at night, was not properly trained in defensive maneuvers, was not properly trained on how to warn others about an imminent collision, was not properly trained in how to avoid collisions with vehicles such as the Subject Car, and otherwise failed to properly train, vet, and/or supervise defendant Patrick in such a way so as to avoid the Subject Collision and the subsequent injuries to Plaintiff:

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

45. As a result of the negligent investigation, screening, vetting, interviewing, background checking, hiring, training, retention, and supervision its employees, including defendant Patrick, defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. caused Plaintiff severe and permanent injuries.

**Response: Deny all allegations as to Lineage and deny knowledge or information sufficient to form a belief as to all other allegations.**

46. As a result of the aforementioned negligence and carelessness of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc., Plaintiff seeks all available damages, including compensatory damages (economic and non-economic) and punitive damages, as a result of injuries and losses.

**Response: Deny all allegations as to Lineage, deny knowledge or information sufficient to form a belief as to all other allegations, and refer all questions of law to this Court.**

47. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**Response: Deny knowledge or information sufficient to form a belief and respectfully refer all questions of law to this Court.**

48. This action falls within exceptions to Article 16 of the C.P.L.R.

**Response: Deny knowledge or information sufficient to form a belief and respectfully refer all questions of law to this Court.**

**<u>RESPONSE TO THIRD CAUSE OF ACTION FOR MOTOR CARRIER CLAIMS</u>**

49. Plaintiff repeats, reiterates and realleges every allegation contained in paragraphs 1-32 with the same force and effect as if hereafter set forth at length.

**Response: Lineage repeats and reiterates all prior responses as if fully provided here.**

50. Defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. owed the general public, including Plaintiff, a duty to:

a. have in place a system and an individual responsible for ensuring overall compliance with the FMCSR;

b. produce a copy of the FMCSR;

c. have in place a driver safety training/orientation program;

d. be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements ( 49 CFR Parts 391)

e. have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles;

f. adequately evaluate applicants before hiring them as truck drivers including having the prospective driver complete a written application containing the following information:

i. the nature and extent of the driver's experience

ii. a list of all accidents in the previous 3 years;

iii. a list of all violations of motor vehicle laws in the previous 3 years;

iv. a detailed description of any denial, revocation, or suspension of any drivers licenses or permits

v. employment information for the previous 3 years; and the names of all employers for whom the driver has operated a commercial motor vehicle for the previous 7 years;

g. adequately train and supervise these drivers;

h. adequately evaluate these employees' job performance so as to discharge any incompetent or negligent employee before he injured the public or property;

i. pursuant to 49 CFR 382.201 et. seq., 382.301 et. seq., 383.35, and 391 et. seq., conduct an adequate investigation or inquiry into the driving record of the defendant Patrick, including, but not limited to, obtaining his motor vehicle record from the applicable state agency for the previous 3 years; and investigate said driver's safety performance history with all DOT regulated employers for the previous 3 years;

j. require its drivers to complete and turn in to their employer trip envelopes at least every 13 days. Such trip envelopes include, but are not limited to, the driver's daily Record of Duty Status logs, pre-trip and post-trip vehicle inspection reports as well as additional information that is standard in the industry and required in event of a FMCSA audit, including but not limited to fuel receipts, entry and departure records, and other supporting documentation that verifies the times that their drivers were at specific locations;

k. never allow or permit a driver to operate their commercial motor vehicles if the driver does not have the required knowledge or skill to safely operate the vehicle

l. never dispatch or schedule a driver's run in such a way that a driver may violate hours of service rules in order to timely complete a delivery

m. never allow or permit a driver to operate their commercial motor vehicles if an audit of the driver's logs, vehicle inspection reports, supporting documents, messaging, OPS, Qualcomm, collision warning systems, and electronic data recorders indicates that the driver is not accurate and truthful in the completion of his logs;

n. never allow or permit a driver to operate their commercial motor vehicles if an audit of the driver's logs, vehicle inspection reports, supporting documents, messaging, OPS, Qualcomm, Lytx, collision warning systems, and electronic data recorders indicates that the driver operates his vehicle in violation of the hours of service rules;

o. should never allow or permit a driver to operate their commercial motor vehicles if an audit of the driver's logs, vehicle inspection reports, supporting documents, messaging, OPS, Qualcomm, Lytx, collision warning systems, and electronic data recorders indicates that the driver has a higher than safe average speed; and

p. never allow or permit a driver to operate their commercial motor vehicles if the driver is not qualified to do so.

**Response: Objection based on Federal Rule of Civil Procedure 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief. This allegation is neither short nor plain. To the extent a response is required, then deny all allegations as to Lineage, deny knowledge or information sufficient to form a belief as to all other allegations, and respectfully refer all questions of law to this Court.**

51. Defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc. breached these duties to the general public, including Plaintiff, by their negligent, careless and reckless actions, including, but not limited to the hiring, training, supervision, and retention of the defendant Patrick, who was unqualified, incompetent, and/or negligent and careless.

**Response: Deny all allegations as to Lineage, deny knowledge or information sufficient to form a belief as to all other allegations, and refer all questions of law to this Court.**

52. As a result of the aforementioned negligence and carelessness of defendants Valu Auto, LLC, Lineage Foodservice Solutions, LLC and Direct Connect Logistix, Inc., Plaintiff seeks all available damages, including compensatory damages (economic and non-economic) and punitive damages, as a result of their injuries and losses.

**Response: Deny all allegations as to Lineage, deny knowledge or information sufficient to form a belief as to all other allegations, and refer all questions of law to this Court.**

53. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

**Response: Deny knowledge or information sufficient to form a belief and respectfully refer all questions of law to this Court.**

54. This action falls within exceptions to Article 16 of the C.P.L.R.

**Response: Response: Deny knowledge or information sufficient to form a belief and respectfully refer all questions of law to this Court.**

## RESPONSE TO JURY DEMAND

55. Compensatory damages to Plaintiff, including all available economic and non-economic damages.

**Response: Deny that Lineage is liable for those damages and respectfully refer all questions of law to this Court.**

## RESPONSE TO PRAYER FOR RELIEF

56. Compensatory damages to Plaintiff, including all available economic and non-economic damages.

**Response: Deny that Lineage is liable for those damages and respectfully refer all questions of law to this Court.**

57. Punitive damages against Defendants.

**Response: Deny that Lineage is liable for those damages and respectfully refer all questions of law to this Court.**

58. Prejudgment interest and post judgment interest as allowed under the law.

**Response: Deny that Lineage is liable for those damages and respectfully refer all questions of law to this Court.**

59. Such other and further relief against Defendants in such sum as a jury would find fair, adequate, and just.

**Response: Deny that Lineage is liable for those damages and respectfully refer all questions of law to this Court.**

## AFFIRMATIVE DEFENSES

1. The plaintiff or plaintiffs lack standing to maintain all or part of their claim or claims.

2. The plaintiff or plaintiffs lack legal capacity to maintain all or part of their claim or claims.

3. The pleadings fail to state a cause of action upon which relief can be granted against Lineage.

4. Any injuries or damages sustained by Plaintiff's decedent were caused, in whole or in part, by the culpable conduct and negligence of the Plaintiff's decedent, Frank D'Empaire, or the negligence of Third-Party Defendants and other co-defendants. Any recovery must be barred or diminished in proportion to said culpable conduct.

5. Pursuant to CPLR § 1601, Lineage's liability for non-economic loss, if any, is limited to its equitable share, as Lineage's relative culpability is less than fifty percent of the total liability assigned to all persons liable.

6. Any recovery by Plaintiff must be reduced or “set off” by the amount of any payments or indemnification received from collateral sources.

7. The subject collision was the result of a sudden and unforeseen emergency not of Lineage's or its alleged agents' making; accordingly, actions taken were reasonable under the Emergency Doctrine.

8. Plaintiff’s claims for punitive damages are barred as the alleged conduct does not meet the standards required under New York law.

9. Lineage is not a "motor carrier" as defined by the Federal Motor Carrier Safety Regulations with respect to the subject collision, nor did it have any “statutory employment” relationship with Defendant Patrick.

10. To the extent Plaintiff seeks to impose liability on Lineage for its selection of an independent motor carrier, such claims are preempted by federal law.

11. Plaintiff failed to join all necessary and indispensable parties, including the entities or individuals responsible for the maintenance of the Subject Car or the roadway conditions.

12. Plaintiff is barred in whole or in part, by the Graves Amendment, 49 U.S.C. § 30106.

13. Plaintiff’s decedent failed to utilize available seatbelts and safety devices, which contributed to or exacerbated the injuries and damages alleged.

14. Based on the allegations, Lineage did not owe a duty of care to the Plaintiff.

15. One or more of the causes of action are barred by the applicable Statutes of Limitations.

16. Lineage reserves the right to amend this Response to assert additional affirmative defenses as discovery progresses and further facts become available.

## CROSS-CLAIMS

### FIRST CROSS-CLAIM: COMMON LAW INDEMNIFICATION AGAINST DIRECT CONNECT LOGISTIX, INC., VALU AUTO, LLC, FRITZ PATRICK AND THIRD-PARTY DEFENDANTS

1. If Plaintiff sustained any damages as alleged in the Amended Complaint, those damages were caused, in whole or in part, by the negligence, recklessness, or other culpable conduct of Defendants Direct Connect Logistix, Inc. ("DCL"), Valu Auto, LLC, and Fritz C. Patrick, and/or Third-Party Defendants Andreanna Elize and Antonio Elize, as the Limited Administrators of the Estate of Carlos Elize (collectively, the "Other Parties"), and not by Lineage.

2. Lineage was not negligent in connection with the events or omissions alleged to have caused Plaintiff's damages, and any liability imposed upon Lineage would be solely vicarious, statutory, or derivative.

3. Accordingly, in the event Plaintiff recovers judgment against Lineage, Lineage is entitled to full common law indemnification from the Other Parties for the amount of any such judgment, together with costs, disbursements, and reasonable attorneys' fees.

### SECOND CROSS-CLAIM: COMMON LAW CONTRIBUTION AGAINST DIRECT CONNECT LOGISTIX, INC., VALU AUTO, LLC, FRITZ PATRICK AND THIRD-PARTY DEFENDANTS

4. If Plaintiff sustained any damages as alleged in the Amended Complaint, those damages were caused, in whole or in part, by the negligence, recklessness, or other culpable conduct of the Other Parties.

5. In the event Lineage is held liable to Plaintiff, such liability was caused by the acts or omissions of the Other Parties, and Lineage is entitled to contribution from said parties for any amount it may be required to pay to the Plaintiff in excess of its equitable share of liability.

6. This cross-claim for contribution includes, but is not limited to, an apportionment of fault among all parties whose culpable conduct contributed to the subject collision and the resulting damages.

**THIRD CROSS-CLAIM: CONTRACTUAL INDEMNIFICATION AGAINST DIRECT CONNECT LOGISTIX, INC.**

7. At all relevant times, Lineage and DCL were parties to a valid and binding agreement dated August 18, 2022 ("Agreement").

8. Pursuant to the Agreement, DCL agreed to indemnify, defend, and hold Lineage harmless from and against any and all loss, damage, liability, or expense—including reasonable attorneys' fees—arising out of the use, operation, or maintenance of the Equipment (the "Trailer") until its return to Lineage.

9. Pursuant to the Agreement, DCL was further required to procure and maintain automobile liability insurance and to name Lineage as an Additional Insured under such policies on a primary basis.

10. The claims asserted by Plaintiff in the Amended Complaint arise out of the use and operation of the Equipment while it was in the care, custody, and control of DCL and/or its agents.

11. DCL has breached the Agreement by, among other things, failing to provide Lineage with a defense and indemnity and failing to ensure Lineage was properly afforded

additional insured status as required by the contract.

12. By reason of the foregoing, in the event any judgment is entered against Lineage, or Lineage incurs any costs, disbursements, or attorneys' fees in the defense of this action, DCL is contractually liable to Lineage for the full amount of such judgment and expenses.

**WHEREFORE**, Lineage respectfully seeks judgment in its favor dismissing this complaint and all claims against Lineage in their entirety and in favor of Lineage's cross-claims against all parties, together with costs, attorneys' fees, and such other relief as is just and appropriate.

Dated: April 28, 2026

By: Brendan P. Hall, Esq. (NDNY: 706304)
Cozen O'Connor P.C.
3 WTC, 175 Greenwich Street, 55th Floor
New York, New York 10007
(212) 453-3767
brendanhall@cozen.com
*Counsel for Defendant*
*Lineage Foodservice Solutions, LLC*

cc: **Service List**

Nathan Werksman, Esq.
Merson Law, PLLC
950 Third Avenue, 18th Floor
New York, New York 10022
(212) 603-9100
nwerksman@mersonlaw.com
*Co-Counsel to Plaintiff*
*Flavilla Cuevas*

Orlando Sheppard, Esq.
Garcia Sheppard
121 South Orange Avenue, Suite 1500
Orlando, Florida 32801
(407) 992-6145
orlando@wefightforyours.com
*Co-Counsel to Plaintiff*
*Flavilla Cuevas*

Maureen Fatcheric, Esq.
Margaret A. French, Esq.
Costello, Cooney & Fearon, PLLC
211 West Jefferson Street, Suite 1
Syracuse, New York 13202
mfatcheric@ccf-law.com
mfrench@ccf-law.com
*Counsel to Defendants*
*Fritz C. Patrick and Valu Auto, LLC*

John H. Fisher, Esq.
The New York Injury & Malpractice Law Firm, P.C.
278 Wall Street
Kingston, New York 12401
(845) 303-1000
jfisher@fishermalpracticelaw.com
*Counsel to Plaintiffs/Third-Party Defendants*
*Andreanna and Antonio Elize*